# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 16-864V**
(not to be published)



ISAAC P. JONES,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Special Master Corcoran

Filed: August 26, 2019

Interim Attorney's Fees Award; Expert Costs

*Robert J. Krakow*, Law Office of Robert Krakow, P.C., New York, NY, for Petitioner.

*Amy Kokot*, U.S. Dep't of Justice, Washington, DC, for Respondent.

**DECISION GRANTING IN PART INTERIM AWARD OF ATTORNEY'S FEES AND COSTS**[1]

On July 21, 2016, Isaac P. Jones filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program"),[2] alleging that a TDaP vaccine he received on July 22, 2013, caused him to experience transverse myelitis. Petition (ECF No. 1) ("Pet.") at 1. The matter is set for hearing in October of this year.

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). **This means that the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now requested an interim award of attorney's fees and costs in the total amount of $106,792.77. *See generally* Motion for Interim Attorney's Fees and Costs, filed June 24, 2019 (ECF No. 55) ("Interim Fees App."). Respondent reacted to the interim award request on July 5, 2019, deferring to my discretion the resolution of the appropriateness of the request, as well as the proper amount to be awarded (if I first determine that an interim award is warranted). Response (ECF No. 58).

Petitioner specifically asks that her current counsel, Mr. Robert Krakow, be reimbursed at varying rates for work performed from September 2013 to June 2019 (from the time he began work on the case—three years before its filing—to the filing of the fees request). Interim Fees App. at Ex. 31, Tab 1 at 3 (ECF No. 55-1), and Ex. 31, Tab 2 (ECF No. 55-2). Specifically, Petitioner requests $385 per hour for Mr. Krakow's work in 2013, with increases to $396 per hour in 2014; $413 per hour in 2015; $425 per hour in 2016; $435 per hour in 2017; $450 per hour in 2018; and $464 per hour in 2019. Ex. 31, Tab 1 at 3; *see also* Ex. 31, Tab 2 at 1–39. In addition, Petitioner requests rates ranging from $125–$156 per hour for paralegal work (at times completed by Mr. Krakow, but billed at a lower rate) completed from 2013–2019 and totaling $6,193.90. Interim Fees App. at 26; Ex. 31, Tab 1 at 3, and Tab 2 at 1–39.

Petitioner also requests $33,012.84 in attorney's costs (for obtaining medical records, expert fees, the filing fee, copy costs, and postage charges). Interim Fees App. at Ex. 31, Tab 3 (ECF No. 55-3). Of this sum, $28,225.00 appears to reflect expert charges, leaving $4,787.84 in other costs. *Id.*; Ex. 31, Tabs 5 and 6.[3]

## ANALYSIS

### I. Appropriateness of Interim Award

I have previously discussed at length the legal standards, and other relevant considerations, applicable to interim fees requests. *See generally Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *6–9 (Fed. Cl. Spec. Mstr. May 20, 2016). The best way of evaluating the propriety of an interim award is by considering all the factors together and balancing them out. *See, e.g.*, *Al–Uffi v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *5–6 (Fed. Cl. Spec. Mstr. Sept. 30, 2015).

[3] The body of Petitioner's Interim Fees Request calculates costs to be $33,541.52, with $29,725.00 in expert costs and $5,316.52 in other costs—a sum that exceeds Petitioner's own calculation of the total. *See* Interim Fees App. at 18, 26. This award relies instead on Tab 3 of the Request, which summarizes the itemized costs as totaling the lesser sum of $33,012.84. If the representations in the body of Petitioner's Interim Request are in fact accurate, Petitioner may seek to "true up" the costs and fees calculation at the end of the litigation.

Based on my review, Petitioner has made a showing sufficient to justify an award of interim fees and costs. Criteria that I have found to be important in determining whether an interim award should be permitted include: 1) if the amount of fees requested exceeds $30,000; 2) where expert costs are requested, if the aggregate amount is more than $15,000; or 3) if the case has been pending for more than 18 months. *See, e.g.*, *Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017); *see also* Initial Order, dated July 26, 2016, at 5–6 (ECF No. 11). The facts relevant to this matter meet these criteria: the case has been pending several years, and the total amount of attorney and expert fees and costs requested exceeds the minimum thresholds that I find to be appropriate.

## II. Amounts Requested for Petitioner's Attorney's Fees

I must now determine the magnitude of Petitioner's attorney's fee award. Whether an award is made on an interim basis or after a case's conclusion, the requested sum must be "reasonable." Section 15(e)(1). Special masters may in their discretion reduce attorney hours *sua sponte*, apart from objections raised by Respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (2009); *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992) (special master has "wide discretion in determining the reasonableness" of attorney's fees and costs).

Determining the appropriate amount of an award of reasonable attorney's fees is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended[4] on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347–48 (2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant

---

[4] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs*., No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205–06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)). This "Davis" exception is inapplicable here, however, because I have previously found the attorneys in question should receive forum rates.

factors into consideration. *Id*. at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

Petitioner asks that her counsel be reimbursed at varying rates for work performed from 2013–2019, as detailed above. In my past decisions, I have determined that Mr. Krakow's firm, located in New York, is entitled to forum rates. *See, e.g., Laderer v. Sec'y of Health & Human Servs.,* No. 09-097V, 2016 WL 3044838, at *3 (Fed. Cl. Spec. Mstr. Apr. 20, 2016). The rates requested herein (spanning from 2013 through 2019) are also in line with the rates I have awarded to Mr. Krakow in the past (as well as decisions issued by other special masters). *See, e.g., Johnson v. Sec'y of Health & Human Servs.,* No. 15-643V, 2018 WL 2772684 (Fed. Cl. Spec. Mstr. Apr. 13, 2018)*; Moxley v. Sec'y of Health & Human Servs.*, No. 006-213V, 2017 WL 5080289 (Fed. Cl. Spec. Mstr. Oct. 12, 2017). Furthermore, Mr. Krakow's request of $464 per hour for work completed in 2019 is a reasonable increase consistent with the forum rate chart set forth on the Court of Federal Claims's website.[5] I will thus award all rates requested herein without reduction. Paralegal rates requested are also consistent with past decisions.

Based on my review of counsel's billing log, the majority of the hours expended on this matter by Mr. Krakow appear to be reasonable for work spanning a five-year period (and requiring expert report filing). The time devoted to paralegal duties was also reasonable. Petitioner shall therefore receive interim fees in the sum of **$73,251.25**.

## III. Requested Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are *reasonable*. *Perreira*, 27 Fed. Cl. at 34; *Presault v. Sec'y of Health & Human Servs.*, 52 Fed. Cl. 667, 670 (2002). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Human Servs.*, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013).

The requested costs herein can be sorted into various categories—costs to obtain medical records (including mailing and copying charges), transcript fees, and expert costs. All are acceptable and shall be reimbursed at this time—with the exception of expert charges. Except in rare cases, it is not my practice to award expert costs on an interim basis—especially this close to the scheduled trial. Hearing the experts live permits me to evaluate not only how helpful their

[5] *See* Office of Special Masters Attorneys' Hourly Rate Fee Schedule: 2019, https://www.uscfc.uscourts.gov/node/2914 (last accessed on July 26, 2019).

testimony was, but also whether their proposed rates and time spent on the matter were reasonable. I will therefore defer awarding expert costs at this time.

The remaining copying, filing, and other litigation-related costs are reasonable, and unopposed in substance by Respondent. Therefore, I will award a total of **$4,787.84** in costs related to the above-captioned matter.

## CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fees awards, and based on the foregoing, I **GRANT IN PART** Petitioner's request for interim attorney's fees and costs. I therefore award a total of **$78,039.09** (representing $73,251.25 in attorney's fees, plus $4,787.84 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. Robert Krakow, Esq.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[6]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.