# 𝔖tates 𝔠ourt of 𝔉ederal 𝔠laims

## OFFICE OF SPECIAL MASTERS
### No. 16-864V

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                              *
I.J.,                                         *      Chief Special Master Corcoran
                                              *
            Petitioner,                       *      Filed:  March 20, 2025
                                              *
v.                                            *
                                              *
SECRETARY OF HEALTH                           *
AND HUMAN SERVICES,                           *
                                              *
            Respondent.                       *
                                              *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Robert J. Krakow*, Law Office of Robert J. Krakow, P.C., New York, N.Y, for Petitioner.

*Catherine E. Stolar*, U.S. Dep't of Justice, Washington, DC, Respondent.

## DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On July 21, 2016, I.J. filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program"). [2] Petitioner alleged that he suffered transverse myelitis ("TM") as a result of a Tetanus Diphtheria acellular-Pertussis ("Tdap") vaccine he received on July 22, 2013. Petition (ECF No. 1) at 1. Petitioner was successful in his claim, and has received an award of damages.

Petitioner previously sought *two* interim awards of attorney's fees and costs, but only the first request was granted in part (deferring expert costs), while the second request was deferred in its entirety until the case's final resolution. *See* Decision—Interim Attorney's Fees and Costs,

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

dated Aug. 26, 2019 (ECF No. 70); Order Deferring Resolution of Second Motion for Interim Award of Attorney's Fees and Costs, dated July 26, 2023 (ECF No. 199). Petitioner has now filed a motion for a final award of attorney's fees and costs. *See generally* Motion, dated Jan. 10, 2025 (ECF No. 241) ("Final Fees Mot."). Petitioner now requests a total of $605,280.37, reflecting $489,075.63 in additional fees incurred from June 25, 2019 to January 10, 2025, for the services of Mr. Krakow and his associates, plus $116,204.74 in costs. Final Fees Mot. at 2, 45. In his final motion, Petitioner also requests to withdraw his pending second interim motion for attorney's fees and costs, as it will make "presenting and resolving the fees and costs requests easier." *Id.* at 2. And he notes that he incorporates the fees and costs requested in that second interim motion in the present motion. *Id.*

Respondent reacted to the fees request on January 23, 2025. *See* Response, filed Jan. 23, 2025 (ECF No. 242) ("Resp."). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Resp. at 2, 5. Petitioner filed a reply, maintaining his position and requesting that she be awarded the requested fees and costs as indicated. Reply, filed Jan. 23, 2025 (ECF No. 243).

## ANALYSIS

### I.    Calculation of Fees

Because Petitioner's claim was successful, he is entitled to a fees and costs award—although only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of a fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorney and support staff, based on the years work was performed:

|  | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 | 2025 |
|---|---|---|---|---|---|---|---|
| **Robert Krakow (Attorney)** | $464.00 | $484.00 | $509.00 | $525.00 | $553.00 | $584.00 | $584.00 |
| **Elan Gerstmann (Attorney)** | $425.00 | $445.00 | $475.00 | $497.00 | $525.00 | $545.00 | -- |
| **Paralegal** | $156.00 | $163.00 | $172.00 | $177.00 | $186.00 | $197.00 | -- |

Final Fees Mot. at 14.

Messrs. Krakow and Gerstmann practice in New York, NY—a jurisdiction that has been deemed "in forum." Accordingly, they should be paid forum rates as established in *McCulloch*. *Kong v. Sec'y of Health & Hum. Servs.*, No. 14-145V, 2017 WL 2927304, at *1 (Fed. Cl. Spec. Mstr. June 6, 2017). The rates requested (including for the paralegal) are also consistent with what has previously been awarded for their work, in accordance with the Office of Special Masters' fee scheduled.[3] *See Alonzo v. Sec'y of Health & Hum. Servs.*, No. 18-1157V, 2024 WL 4678198, at *2 (Fed. Cl. Spec. Mstr. Oct. 10, 2024). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable. Although it is highly regrettable that this matter took nearly nine years to resolve, it was reasonably contested, and presented complex issues, on both entitlement and damages. I will therefore award all fees requested without adjustment.

## II.    Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $116,204.74 in outstanding attorney's costs, including transcript fees, medical record and literature retrieval costs, mailing and photocopying costs, and travel and lodging costs. All such litigation-oriented costs will be awarded.

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Mar. 20, 2025).

Petitioner also seeks recovery of costs associated with the work of five experts—Scott Zamvil, M.D., Ph.D.; Alyssa Watanabe, M.D.; Mark Levin, M.D.; Life Care Planner Linda Lajterman; and vocational expert/economist Andrew Gluck, Ed.D. Final Fees Mot. at 25–31. Some were involved in entitlement, while others offered assistance during the damages phase of the matter. Dr. Zamvil prepared one written report and submitted two invoices, reflecting a total of $45,719.26 (billing at an hourly rate of $500.00 and including costs associated with travel). Dr. Watanabe offered two written reports and submitted invoices reflecting a total of $31,868.52 (billing at an hourly rate of $500.00 and including costs associated with travel). ECF No. 241-5; 241-6. Dr. Levin prepared one written report and submitted an invoice reflecting a total of $9,500.00 (billing at an hourly rate of $500.00 and including costs associated with travel). ECF No. 241-9 at 1. The rates requested for these experts, and all time devoted to their work on the matter, will be reimbursed.

Ms. Lajterman prepared a life care plan in the matter and submitted three invoices reflecting a total $12,150.00 (billing at different hourly rates for various tasks). ECF No. 241-10 at 1–3. Ordinarily, it is not my practice to allow various rates for a single expert. However, because the total billed for Ms. Lajterman is not unreasonable, I will permit the requested rates herein. Dr. Gluck prepared one written report and submitted three invoices reflecting a total of $5,950.00 (billing at an hourly rate of $350.00 and including costs associated with travel). ECF No. 241-11 at 1–3. I do not deem Dr. Gluck's work to have been helpful at all, unfortunately, in the resolution of this case, and counsel is admonished to choose a more suited expert in future matters in which economic questions about damages are raised. However, the total sum billed by Dr. Gluck is otherwise reasonable for the time spent on the matter, and in the interests of closing out this matter I will permit his time to be reimbursed.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in its entirety. Petitioner is awarded a total amount of **$605,280.37**, reflecting $489,075.63 in attorney's fees, and $116,204.74 in costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.

**IT IS SO ORDERED**.

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master