### States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-864V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | * | |
| I.J., | * | Chief Special Master Corcoran |
| | * | |
| Petitioner, | * | Filed: June 5, 2024 |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Robert J. Krakow*, Law Office of Robert J. Krakow, P.C., New York, N.Y, for Petitioner.

*Catherine E. Stolar*, U.S. Dep't of Justice, Washington, DC, Respondent.

### FINAL DAMAGES DECISION[1]

On July 21, 2016, I.J. filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that he suffered transverse myelitis ("TM") as a result of a Tetanus Diphtheria acellular-Pertussis vaccine he received on July 22, 2013. Petition (ECF No. 1) ("Pet.") at 1.

After a trial and ensuing appellate practice, Petitioner was found entitled to damages in January 2022 (*see* Ruling, dated January 4, 2022 (ECF No. 143)), but the parties were unable to agree to a final sum, despite some concurrence on individual damages components. A hearing was held in October 2023, and although it resulted in some determinations (*see* March 28, 2024, Finding of

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. §§ 300aa.

Fact and Conclusions of Law (ECF No. 225) (the "March Damages Ruling")), other disputes persisted.

On May 1, 2024, I ordered that "the final proffer/stipulation on damages in this matter will be filed on or before May 31, 2024." ECF No. 230 at 2. The parties opted instead to file a Joint Status Report containing the information needed for me to issue a final damages decision. ECF No. 237. Accordingly, my final damages determination (which includes the rulings I issued in the March Damages Ruling) are herein set forth.

### I. Items of Compensation

#### A. Life Care Items

Respondent engaged life care planner Linda Curtis, RN, MS, CNLCP, CCM, and Petitioner engaged Linda Lajterman, RN, CCM, CDMS, ABDA, CLCP, to provide an estimation of I.J.'s future vaccine-injury-related needs, and each offered a life care plan. *See* ECF Nos. 203-1, 204-1. Agreed-upon life care items, as well as life care items I determined after the October 2023 hearing, are illustrated by the chart entitled "Appendix A: Items of Compensation for I.J.," attached to this Decision as Tab A. I incorporate by reference this document, as well as the determinations made in my March Damages Ruling.

#### B. Lost Earnings

The parties agreed that based upon the evidence of record, I.J. has suffered a loss of earnings under the Vaccine Act, but did not initially agree on the total amount. But after hearing, I determined that Petitioner was entitled to $1,190,602.00 in actual lost wages, past and future. *See* March Damages Ruling at 16.

#### C. Pain and Suffering

The parties agree that based on the evidence of record, I.J. is entitled to an award of $250,000 in actual pain and suffering, the maximum amount allowed under the Vaccine Act. 42 U.S.C. § 300aa-15(a)(4).

#### D. Apartment Relocation Expenses

After disagreement by the parties on the compensability of apartment relocation expenses, I decided that a final damages decision would award $70,804.23. This amount reflects $5,000.00 for expenses expected to be incurred in compensation year one, and the discounted present value

of annual expenses of $13,960.92 expected to be incurred in compensation years two through six, consistent with 42 U.S.C. § 300aa-15(a)(1). See March Damages Ruling at 23.[3]

      E.  Medicaid Lien

Respondent proffers that Petitioner should be awarded funds to satisfy a New York City Department of Social Services Medicaid lien in the amount of $639,898.43, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the New York City Department of Social Services may have against any individual as a result of any Medicaid payments the New York City Department of Social Services has made to or on behalf of Petitioner from the date of his eligibility for benefits through the date of judgment in this case as a result of his vaccine-related injury suffered on or about August 1, 2013, under Title XIX of the Social Security Act.

## II. Form of the Award

The compensation provided to Petitioner will be made through a combination of a lump sum payment and future annuity payments, as described below:

A. A lump sum payment of **$1,668,311.51**, representing compensation for life care expenses expected to be incurred in the first year after judgment ($156,905.28), lost earnings ($1,190,602.00), pain and suffering ($250,000.00), and apartment relocation expenses ($70,804.23) in the form of a check payable to Petitioner;

B. A lump sum payment of **$639,898.43**, representing compensation for satisfaction of the New York City Department of Social Services Medicaid Lien, payable jointly to Petitioner and:

New York City Department of Social Services

ATTN: Evelyn Sylvester

Division of Liens and Recovery

375 Pearl Street

New York, NY 10038

CIN: NC98405Y

---

[3] After an initial amount for rent costs ($74,804.60) was calculated and set forth in the March Damages Ruling, it was determined after informal discussions with the parties that the net discount rate had not been applied to the future portion of this damages component, as required by Section 15(f)(4)(A). After applying this discount, the corrected amount came to $70,804.23. This recalculated sum was communicated to the parties, and neither disagreed with this corrected figure.

Case Number: 1004628

C. An amount sufficient to purchase an annuity contract,[4] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company,[5] from which the annuity will be purchased.[6] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, I.J., only so long as petitioner is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual, or other installments. The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

    a. Growth Rate

The parties agree that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.

    b. Life-Contingent Annuity

Petitioner will continue to receive the annuity payments from the life insurance company only so long as he, I.J., is alive at the time that a particular payment is

---

[4] At Respondent's discretion, Respondent may purchase one or more annuity contracts from one or more life insurance companies.

[5] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;
    b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;
    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;
    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[6] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

due. Written notice shall be provided to the Secretary of Health and Human Services and the life insurance company within twenty (20) days of I.J.'s death.

### III. Summary of Payments Following Judgment

A. Lump sum paid to Petitioner, I.J.: $1,668,311.51;

B. Medicaid lien: $639,898.43; and

C. An amount sufficient to purchase the annuity contract described above in Section (II)(C).

These amounts represent compensation for all damages that would be available under Section 15(a) of the Vaccine Act. The Clerk of the Court is directed to enter judgment in accordance with this Decision.[7]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

Appendix A: Items of Compensation for I.J.                                                                                    Page 1 of 2

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Years 2-5 | Compensation Year 6 | Compensation Years 7-10 | Compensation Year 11 | Compensation Years 12-19 | Compensation Years 20-Life |
|---|---|---|---|---|---|---|---|---|---|---|
|  |  |  |  | 2024 | 2025-2028 | 2029 | 2030-2033 | 2034 | 2035-2042 | 2043-Life |
| Medicare Part B Premium | 5% |  | M | 2,096.40 | 2,096.40 | 2,096.40 | 2,096.40 | 2,096.40 | 2,096.40 |  |
| Medicare Part B Deductible | 5% |  |  | 240.00 | 240.00 | 240.00 | 240.00 | 240.00 | 240.00 | 240.00 |
| Medigap G | 5% |  | M | 3,696.00 | 3,696.00 | 3,696.00 | 3,696.00 | 3,696.00 | 3,696.00 | 3,696.00 |
| Medicare Part D | 5% |  | M | 333.60 | 333.60 | 333.60 | 333.60 | 333.60 | 333.60 | 333.60 |
| Primary Care Physician | 5% | * |  |  |  |  |  |  |  |  |
| Neurology | 5% | * |  |  |  |  |  |  |  |  |
| Urology | 5% | * |  |  |  |  |  |  |  |  |
| Physical Medicine & Rehabilitation | 5% | * |  |  |  |  |  |  |  |  |
| Podiatry | 4% |  |  | 280.00 | 280.00 | 280.00 | 280.00 | 280.00 | 280.00 | 280.00 |
| Physical Therapy Evaluation | 4% | * |  |  |  |  |  |  |  |  |
| Occupational Therapy Evaluation | 4% | * |  |  |  |  |  |  |  |  |
| Diagnostic Testing | 5% | * |  |  |  |  |  |  |  |  |
| Physical Therapy | 4% | * |  |  |  |  |  |  |  |  |
| Men's Disposable Pull Ups | 4% |  | M | 547.50 | 547.50 | 547.50 | 547.50 | 547.50 | 547.50 | 547.50 |
| Gloves | 4% |  | M | 146.00 | 146.00 | 146.00 | 146.00 | 146.00 | 146.00 | 146.00 |
| Wipes | 4% |  | M | 337.48 | 337.48 | 337.48 | 337.48 | 337.48 | 337.48 | 337.48 |
| Chux | 4% |  | M | 1,044.00 | 1,044.00 | 1,044.00 | 1,044.00 | 1,044.00 | 1,044.00 | 1,044.00 |
| Condom Catheter | 4% |  | M | 1,144.00 | 1,144.00 | 1,144.00 | 1,144.00 | 1,144.00 | 1,144.00 | 1,144.00 |
| Medical Alert | 4% |  |  | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 |
| Bedside Urinal | 4% |  | M | 416.00 | 416.00 | 416.00 | 416.00 | 416.00 | 416.00 | 416.00 |
| Sliding Board | 4% |  |  | 39.00 | 15.60 | 15.60 | 15.60 | 15.60 | 15.60 | 15.60 |
| Rolling Shower Chair/Commode | 4% |  |  | 800.00 |  | 800.00 |  | 800.00 | 160.00 | 160.00 |
| Mattress Overlay | 4% |  |  | 579.00 |  |  |  | 579.00 | 57.90 | 57.90 |
| Portable Ramp | 4% |  |  | 300.00 |  | 300.00 |  | 300.00 | 60.00 | 60.00 |
| Power Wheelchair | 4% |  |  | 10,500.00 |  | 10,500.00 |  | 10,500.00 | 2,100.00 | 2,100.00 |
| Wheelchair Battery | 4% | * |  | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 |
| Wheelchair Maintenance | 4% |  |  | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 |
| Specialized Seat | 4% |  |  | 369.00 |  | 369.00 |  | 369.00 | 184.50 | 184.50 |
| Manual Wheelchair | 4% |  |  | 549.00 |  | 549.00 |  | 549.00 | 91.50 | 91.50 |
| Baclofen | 5% | * |  |  |  |  |  |  |  |  |
| Gabapentin | 5% | * |  |  |  |  |  |  |  |  |

Appendix A:  Items of Compensation for I.J. — Page 2 of 2

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 2024 | Compensation Years 2-5 2025-2028 | Compensation Year 6 2029 | Compensation Years 7-10 2030-2033 | Compensation Year 11 2034 | Compensation Years 12-19 2035-2042 | Compensation Years 20-Life 2043-Life |
|---|---|---|---|---|---|---|---|---|---|---|
| Senna | 4% | | | 51.10 | 51.10 | 51.10 | 51.10 | 51.10 | 51.10 | 51.10 |
| Colace | 4% | | | 36.50 | 36.50 | 36.50 | 36.50 | 36.50 | 36.50 | 36.50 |
| Aspirin | 4% | | | 65.70 | 65.70 | 65.70 | 65.70 | 65.70 | 65.70 | 65.70 |
| Wheelchair Accessible Vehicle | 4% | | | 20,000.00 | | | | 20,000.00 | 2,000.00 | 2,000.00 |
| Vehicle Modification Maintenance | 4% | | | 900.00 | 900.00 | 900.00 | 900.00 | 900.00 | 900.00 | 900.00 |
| Driver's Evaluation | 0% | | | 875.00 | | | | | | |
| Live In Attendant | 4% | | M | 105,560.00 | 105,560.00 | 105,560.00 | 105,560.00 | 105,560.00 | 105,560.00 | 105,560.00 |
| Ceiling Lift System | 0% | | | 5,000.00 | | | | | | |
| Gym Membership | 0% | * | | | | | | | | |
| Lost Earnings | | | | 1,190,602.00 | | | | | | |
| Pain and Suffering | | | | 250,000.00 | | | | | | |
| Apartment Relocation Expenses | | | | 70,804.23 | | | | | | |
| Medicaid Lien | | | | 639,898.43 | | | | | | |
| Annual Totals | | | | 2,308,209.94 | 117,909.88 | 130,427.88 | 117,909.88 | 151,006.88 | 122,563.78 | 120,467.38 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($156,905.28), lost earnings ($1,190,602.00), pain and suffering ($250,000.00), and apartment relocation expenses ($70,804.23): $1,668,311.51.
As soon as practicable after entry of judgment, respondent shall make the following payment jointly to petitioner and the New York City Department of Social Services, as reimbursement of the state's Medicaid lien: $639,898.43.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.